Joel **BULLARD**, As Trustee of the Estate of Kritzer Radiant Coils, Inc., Bankrupt, Plaintiff-Appellee,

v.

**ALUMINUM COMPANY OF AMERICA**, Defendant-Appellant.

No. 71–1149.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 25, 1972.

Decided Sept. 14, 1972.

Milton L. Fisher and J. T. Mullen, Chicago, Ill., Kenneth P. Fedder, South Bend, Ind., for defendant-appellant.

David H. Kleiman, Indianapolis, Ind., James W. Oberfell, South Bend, Ind., for plaintiff-appellee.

Before KILEY, Circuit Judge, STEVENS, Circuit Judge and CAMPBELL *, Senior District Judge.

WILLIAM J. CAMPBELL, Senior District Judge.

The defendant Aluminum Company of America (Alcoa) appeals from an order of the district court which granted the motion of the plaintiff, trustee in bankruptcy of the estate of Kritzer Radiant Coils, Inc. (Kritzer Radiant), for summary judgment. The district court held that a transfer of $23,370.60 from the bankrupt to Alcoa was a "fraudulent transfer" under § 67d(2)(a) of the Bankruptcy Act. 11 U.S.C. § 107d(2) (a). Alcoa raises three contentions on appeal: (1) that the transfer was not fraudulent inasmuch as there was no evidence that Alcoa participated in a scheme to defeat the other creditors of Kritzer Radiant or that the transaction involving the transfer of monies was lacking in good faith; (2) that summary judgment was improperly entered since the pleadings and affidavits raised genuine issues of material fact concerning the intentions and motives of Alcoa; and (3) that the district court erred in failing to hold Alcoa had a right under § 67d(6) of the Bankruptcy Act to retain the $23,370.60 as security for repayment of the actual consideration given by Alcoa.

The facts as gleaned from the pleadings, affidavits and from defendant's answers to plaintiff's interrogatories show that on December 1st, 1965, the date of the transfer in question, the bankrupt, Kritzer Radiant, was indebted to Alcoa in the amount of $46,741.20. As of that time 85% of the outstanding capital stock of Kritzer Radiant was owned by Bastian Morely Company, Inc. (Bastian Morely) and the remaining 15% of the stock was held by Henry Kritzer, Sr. Henry Kritzer at that time also owned 15% of the outstanding common stock of Bastian Morely and was a director of that Company. The $46,741.-20 debt of Kritzer Radiant, which had been personally guaranteed by Henry Kritzer, had been reduced to a judgment against Kritzer individually and in favor of Alcoa in the Circuit Court of Lake County, Illinois. For a period of time prior to December 1st, 1965, both Kritzer Radiant and Bastian Morely had dealt with Alcoa as a supplier of materials used in manufacturing their products. Bastian Morely was also indebted to Alcoa as of that date in the amount of $11,319.78.

On the critical date of December 1, 1965 an agreement was entered into by and between Kritzer Radiant, Henry Kritzer, Bastian Morely and Alcoa. Pursuant to this agreement, Kritzer Radiant paid to Alcoa $23,370.60 in full satisfaction of the antecedent debt owed Alcoa in the amount of $46,741.-20. Additionally, Alcoa released Henry Kritzer from the judgment it had re-

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

covered against him in the state court. Finally, Bastian satisfied its debt to Alcoa in the amount of $11,319.78, and ordered from Alcoa additional materials for payment upon receipt. On the date the settlement agreement was executed, Kritzer Radiant was insolvent and there existed creditors of Kritzer Radiant with outstanding claims against it.

The pertinent portion of § 67d(2)(a) of the Bankruptcy Act provides as follows:

"(2) Every transfer made and every obligation incurred by a debtor within one year prior to the filing of a petition initiating a proceeding under this Act by or against him is fraudulent (a) as to creditors existing at the time of such transfer or obligation, if made or incurred without fair consideration by a debtor who is or will be thereby rendered insolvent, *without regard to his actual intent;* . . ." (11 U.S.C. § 107d(2)(a) (Emphasis supplied).

The definition of fair consideration is furnished in § 67d(1)(e) which provides:

"Consideration given for the property or obligation of a debtor is 'fair' (1) when, in *good faith*, in exchange and as a fair equivalent therefor property is transferred or an antecedent debt is satisfied, . . . ." (11 U.S.C. § 107d(1)(e). (Emphasis supplied).

■ As the district court indicated in its memorandum opinion, essentially four elements must be present for a transfer to be fraudulent under § 67d(2)(a) of the Act:

1. The transfer must occur within one year of the initiation of the bankruptcy proceedings;

2. Creditors of the debtor must exist at the time of the transfer;

3. The debtor must be insolvent at the time of the transfer; and

4. There must be a failure of consideration for the transfer.

The bankruptcy petition here was filed on November 22nd, 1966, clearly within one year of the date of the transfer in question. Creditors of Kritzer Radiant were in existence when the transfer was made. Also there is no serious dispute regarding the insolvency of Kritzer Radiant on the date of the transfer. Alcoa then possessed a financial statement of Kritzer Radiant which reflected a negative net worth. Also, some three weeks prior to the execution of the settlement agreement the defendant wrote its attorneys suggesting that certain precautions be undertaken ". . . should either Bastian Morely or Kritzer Radiant Coils go into bankruptcy within four months of the transaction." While it is true that the defendant denied the allegation of insolvency in its answer, we agree with the district court that since Alcoa did not challenge plaintiff's assertion by counter-affidavit nor make any attempt to demonstrate the inaccessibility of information on this question, the issue of insolvency did not present a fact issue precluding the entry of summary judgment.

■ Thus, the question becomes, under the undisputed facts as set forth above, whether the transfer from Kritzer Radiant to Alcoa was for "fair consideration." Where the transfer is made to extinguish an antecedent debt, the Bankruptcy Act provides that the consideration given must represent a "fair equivalent" for the antecedent debt and must be given in "good faith." 11 U.S.C. §§ 107d(1)(e), 107d(2)(a); see also 4 Collier On Bankruptcy § 67.33. As the defendant itself recognizes, a transfer lacking in good faith is fraudulent within the meaning of the Bankruptcy Act even though fair equivalent may have been present. And the question of good faith depends under the circumstances on whether the "transaction carries the earmarks of an arms-length bargain." Holahan v. Henderson, D. C., 277 F.Supp. 890, aff'd 394 F.2d 177 (5th Cir. 1969).

■■ Considering all the facts that attended this transaction we agree with the district court that the transfer was fraudulent within the meaning of §

67d(2)(a) of the Bankruptcy Act. We find most significant the relationship of the parties to the settlement agreement and the respective allocation of its benefits. Henry Kritzer, the President of the bankrupt as well as a director and stockholder of Bastian Morely, was released entirely and without any consideration on his part from a legally enforceable state court judgment against him. Moreover, Bastian Morely, the principal stockholder of the bankrupt, was permitted to retain its supplier and, for a consideration, extinguished its own antecedent debt to Alcoa. Finally, Alcoa acquired an advantage over the other creditors of the bankrupt at a time when Alcoa was certainly aware of the precarious financial position of Kritzer Radiant. Thus the primary and important benefits of this transaction ran to parties other than the bankrupt. Since transfers made to benefit third parties are not considered as made for "fair" consideration (see United Towing Company v. Phillips, 242 F.2d 627 (5th Cir. 1957), cert. den. 355 U.S. 861, 78 S.Ct. 93, 2 L.Ed.2d 68 (1957), we agree that on these facts, which are not disputed by the defendant, the transfer here was a fraudulent one within the meaning of § 67d(2)(a) of the Bankruptcy Act.

 Alcoa next contends that summary judgment was improper here since there was a fact question raised by the pleadings and affidavits as to the motives and intentions of Alcoa with respect to this transaction. In this regard Alcoa maintains that the transfer here could not have been fraudulent unless Alcoa participated in a scheme to defeat the other creditors of Kritzer Radiant or unless Alcoa acted on bad faith in valuing the properties exchanged. We have been unable to find any support, either statutory or in case law, for this argument. Indeed, the Act itself is to the contrary. A transfer made without "fair consideration", such as the one involved here, represents but one of the several types of fraudulent transfers defined in § 67 of the Act. See 11 U.S.C. § 107d. A transfer is rendered fraudulent

under § 67d(2)(a), the section here involved, when made or incurred without fair consideration by a debtor who is or will be thereby rendered insolvent, irrespective of the intent of the parties to the transaction. See 11 U.S.C. § 107d(2)(a); 4 Collier On Bankruptcy § 67.34. The situation that Alcoa refers to, where there is an actual intent to defraud, is specifically covered by § 67d(2)(d) of the Act. Thus, under the section of the Act on which the Trustee proceeded in this case, the motives and intentions of Alcoa are simply immaterial.

Lastly, Alcoa contends that under § 67d(6) of the Bankruptcy Act, it may retain the transferred funds as security for payment of its antecedent debt. See 11 U.S.C. § 107d(6). Under our long-standing rule that issues not presented to the district court cannot be raised for the first time on appeal, we need not consider this question.

For the reasons given the judgment of the district court is hereby affirmed.