Edward E. RUSSELL, Trustee in the Matter of Omega Auto Systems, Inc.

v.

Frederick C. TECCE and Frederick D. Tecce.

No. 77-2140.

United States District Court, E. D. Pennsylvania.

May 12, 1978.

Carl Weiss, Philadelphia, Pa., for plaintiff.

James J. Binns, Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff, Edward E. Russell, as trustee in bankruptcy for Omega Auto Systems, Inc. (Omega), initiated this action to declare void as fraudulent pursuant to § 67d of the Bankruptcy Act, 11 U.S.C. § 107(d) a transfer of property by Omega to the defendants, Frederick C. Tecce and Frederick D. Tecce. A trial before the Court, sitting without a jury was held on April 14, 1978. The parties filed proposed findings of fact and conclusions of law, and the matter is now ready for decision. For the reasons hereinafter set forth, the Court will enter judgment for the defendants, Frederick C. Tecce and Frederick D. Tecce, and against the plaintiff, Edward E. Russell, as trustee in bankruptcy.

The transfer attacked in this case was made pursuant·to an agreement executed on December 22, 1975, nine months prior to Omega's filing a voluntary petition in bankruptcy. Under the provisions of the agreement, Omega assigned to Frederick C. Tecce and Frederick D. Tecce all its right, title and interest in a legal action captioned "*Omega Auto Systems, Inc. v. Westinghouse et al,* case no. 75–2170 civ. je, pending in the United States District Court for the Southern District of Florida." In the agreement, Omega also agreed to arrange that Mr. and Mrs. Frederick C. Tecce would be released as personal guarantors of Omega's indebtedness to General Motors Acceptance Corporation (GMAC) and the Philadelphia National Bank (PNB). In addition, the agreement provided that Frederick .C. Tecce and Frederick D. Tecce would release Omega's indebtedness to them, and that Frederick C. Tecce would surrender all of his Omega stock. The trustee contends that the transfer was fraudulent on the ground that Omega did not receive a fair consideration. It is agreed by the parties that the legal action has been settled for $50,000. The issue being presented to the Court is whether the transfer was fraudulent. The Court's finding on this issue will determine whether the Tecces or the trustee are entitled to the $50,000.

Omega was incorporated in May, 1972 and shortly thereafter opened for business as a car rental company. All of the stock was held by Joseph Happe, a man experienced in the rent-a-car field. The attorney for the corporation was Frederick C. Tecce, a lawyer and personal friend of Mr. Happe.

Prior to Omega's opening for business, its only assets were an Econo-Car franchise for Philadelphia and the surrounding counties, twenty-nine cars, and the fixtures and furniture left by the former franchisee. In order to acquire working capital, Mr. Happe established lines of credit with PNB and GMAC. Although the exact date is not clear in the record, sometime subsequent to May, 1972, Mr. Tecce put up a significant amount of stock as collateral for the PNB loan and became a personal guarantor for it. In addition, he co-signed Omega's loans from GMAC. In May, 1974, Mr. Tecce paid $35,000 into the corporation and acquired 50% of the Omega stock. He continued to serve as Omega's attorney after he received his shares.

The plaintiff presented two witnesses in order to establish his claim that the assignment of the legal action should be declared void. His first witness was Mr. Happe. Mr. Happe testified that Omega lost $25,000 in its first year of business, but only $1,000 in its second. He stated that the money lost in the first year had been due to anticipated starting-up expenses, and that at the end of the second year, Omega's future looked good. In early 1974, Mr. Tecce agreed to purchase 50% of the Omega stock and provide financial help to expand the business outside the Philadelphia area. Soon after, Omega purchased an Econo-Car franchise to operate in Washington, D.C., and borrowed $100,000 from Mr. Tecce's father, Frederick D. Tecce. Omega gave Frederick D. Tecce a note payable on September 11, 1975 for $100,000 plus interest "at the Philadelphia prime rate". Although Omega's business was initially good in Washington, it deteriorated rapidly and by the end of the year, Omega had lost $150,000. The Tecces loaned Omega an additional $160,000. Despite this infusion of cash, the financial position of Omega did not improve. GMAC and PNB became increasingly concerned about Omega's indebtedness to them. Omega owed PNB about $162,000 and GMAC about $507,000. It was testified that an understanding was reached between Omega and GMAC and PNB (who were the other principal creditors of Omega) that in order for Omega to continue in business, it would be necessary for the Tecces to cancel the Omega indebtedness and give up the ownership of their stock in Omega. This understanding between Omega, GMAC and PNB gave rise to the agreement of December 22, 1975, pursuant to which the lawsuit was assigned to the Tecces, and the Tecces forgave Omega's indebtedness in the amount of $260,000 and surrendered their stock in Omega. After the agreement was executed, Omega continued to operate for the next nine months.

Plaintiff's other witness was Mr. Deetz, Omega's accountant, who testified that Omega was insolvent within the meaning of § 67d(1)(d) of the Bankruptcy Act on December 22, 1975, the day on which the assignment of the lawsuit was made to the Tecces.

Section 67d(2)(a) of the Bankruptcy Act, 11 U.S.C. § 107(d)(2)(a), provides as follows:

(2) Every transfer made and every obligation incurred by a debtor within one year prior to the filing of a petition initiating a proceeding under this Act by or against him is fraudulent (a) as to creditors existing at the time of such transfer or obligation, if made or incurred without fair consideration by a debtor who is or will be thereby rendered insolvent, without regard to his actual intent . . . . .

Thus, four elements must be present for a transfer to be fraudulent under § 67d(2)(a) of the Act: (1) the transfer must be made within one year of the initiation of the bankruptcy proceedings; (2) creditors of the debtor must exist at the time of the transfer; (3) the debtor must be insolvent at the time of the transfer; and (4) there must be an absence of fair consideration for the transfer. *Bullard v. Aluminum Company of America*, 468 F.2d 11, 13 (7th Cir. 1972); *Klein v. Tabatchnick*, 418 F.Supp. 1368, 1371 (S.D.N.Y.1976); *In re Ferris*, 415 F.Supp. 33, 39 (W.D.Okla.1976); *Inland Security Co., Inc. v. Estate of Kirshner*, 382 F.Supp. 338, 342 (W.D.Mo.1974). The burden is on the plaintiff to prove the facts necessary to support his contentions. *Cohen v. Sutherland*, 257 F.2d 737, 740 (2d Cir. 1958).

In this case, Omega filed a voluntary petition on October 6, 1976. This was within one year of the date of the transfer. Creditors of Omega were certainly in existence at the time of the transfer. The evidence is clear that Omega was insolvent.

The only issue remaining for the Court to decide in this case is whether there was "fair consideration" for the assignment by Omega of all right, title and interest in the lawsuit to the Tecces. Section 67d(1)(e) of the Bankruptcy Act defines "fair consideration" as follows:

> Consideration given for the property or obligation of a debtor is "fair" (1) when, in good faith, in exchange and as a fair equivalent therefor, property is transferred or an antecedent debt is satisfied, or (2) when such property or obligation is received in good faith to secure a present advance or antecedent debt in an amount not disproportionately small as compared with the value of the property or obligation contained.

The cases dealing with the above quoted definition of fair consideration have uniformly held that the consideration given for the property of a debtor (bankrupt) must be a "fair equivalent" and the transferee must have acted in good faith. *Misty Management Corporation v. Lockwood,* 539 F.2d 1205, 1212 (9th Cir. 1976); *Cohen v. Sutherland,* 257 F.2d 737, 742 (2d Cir. 1958); *Bullard,* 468 F.2d at 13; *Inland Security,* 382 F.Supp. at 347. Furthermore, the cases are also uniform in holding that whether fair consideration has passed in any given transaction must depend on all the surrounding circumstances of the case. *In re Ferris,* 415 F.Supp. at 40; *Inland Security,* 382 F.Supp. at 348.

Omega transferred all its rights, title and interest in the lawsuit for the satisfaction of the $260,000 antecedent debt owed the Tecces. Omega did this pursuant to the understanding which it had reached with GMAC and PNB, the two other principal creditors of Omega, that Omega would be permitted to continue in business if it received satisfaction from the Tecces of the $260,000 indebtedness and if the Tecces would surrender all their Omega stock. Omega received a substantial benefit from the transfer in that it was permitted to continue in business. The Court finds, therefore, that the satisfaction of the Tecce debt and the surrender of the Tecce stock was a fair equivalent for the assignment of all the right, title and interest in the lawsuit against Westinghouse and Econo-Car, a legal action wherein Omega alleged it was damaged as a result of antitrust violations.

The Court also finds that the parties were acting in good faith. Mr. Happe, who became the sole stockholder upon the surrender of the Tecce stock, is a person of long experience in the car rental business. He was receiving a salary from Omega as its principal officer and wanted to continue in business with Omega. The Tecces were willing to cancel Omega's indebtedness to them and surrender their stock in Omega for the lawsuit, which has been settled for $50,000. The Court finds, therefore, that the plaintiff has failed to prove by a preponderance of the evidence that the transfer was a fraudulent transfer under § 67d(2) of the Bankruptcy Act.

This memorandum is in lieu of findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.