Paul J. Bueter and Antoinette Bueter, Appellees, v. Anna Krzystowczyk, Appellant.

Gen. No. 45,109.

Heard in the third division of this court for the first district at the February term, 1950. Opinion filed June 30, 1950. Released for publication July 25, 1950.

Louis J. Leo, of Chicago, for appellant; Francis M. Cooper, of Chicago, of counsel.

David Brandwein, of Chicago, for appellees.

298

Mr. Presiding Justice Lewe delivered the opinion of the court.

This is an action in forcible entry and detainer to recover possession of the second-floor apartment in the premises owned by defendant, under the terms of an oral month-to-month lease. The court found in favor of plaintiffs and entered judgment for possession. Defendant appeals.

The facts are stipulated. Plaintiffs are the daughter and son-in-law of defendant who owns the premises in controversy. April 30, 1949, defendant leased the second-floor apartment to plaintiffs at a monthly rental of thirty dollars. It was agreed that plaintiffs were to take possession of the apartment when the tenant then in occupancy vacated. Shortly after leasing the apartment plaintiffs, with defendant's permission, stored their household furnishings in the attic of defendant's premises. July 22nd the former tenant vacated the apartment. On that day plaintiff Antoinette Bueter went to the apartment and found defendant tearing off wallpaper, whereupon she told defendant that she "would have her husband bring the beds down so they could have something to sleep on while they proceeded to clean and decorate the apartment." Defendant insisted on cleaning and decorating the entire apartment before plaintiffs brought any of their household furnishings into the apartment. Because of the consequent delay in the use and occupancy of the apartment by plaintiffs while it was being refurnished, plaintiff, Mrs. Bueter, and defendant got into a quarrel. Defendant "chased Mrs. Bueter out of the apartment and told her to get out and stay out." Later in the afternoon on the same day both plaintiffs went to defendant's home "and discussed taking possession of the apartment and tendered thirty dollars in payment of the first month's rent, which defendant refused." Defendant admits that plaintiff, Mrs. Bueter, objected

to having all of the cleaning and decorating in the apartment done at one time, but says that during the argument which ensued plaintiff said to her "here, take your key and stick your apartment you know where." On rebuttal plaintiff denied making this statement.

We think that the evidence warrants a finding that the plaintiffs took possession of the apartment here involved and were later evicted by defendant. Under the terms of the lease plaintiffs had a right to take possession of the apartment when it was vacated by the former tenant, in the condition it then was. (*Ratkowski v. Masolowski*, 57 Ill. App. 525.) To the same effect are *Gazzolo v. Chambers*, 73 Ill. 75, and *Henderson v. Virden Coal Co.*, 78 Ill. App. 437. Defendant had no right to postpone the use and occupancy by plaintiffs while she decorated the apartment.

Since we hold that plaintiffs had actual possession of the premises in question, this action under the forcible entry and detainer act can be maintained. (*West Side Trust & Savings Bank v. Lopoten*, 358 Ill. 631.)

The judgment, for the reasons stated, is therefore affirmed.

*Judgment affirmed.*

BURKE and KILEY, JJ., concur.