THEODORE GODELLAS *et al.*, Plaintiffs-Appellees, *v.* GEORGIA GODELLAS, Defendant-Appellant.

(No. 71-395;

Second District—May 25, 1973.

Peter W. Boznos, of Chicago, and Burek & Field, of Wheaton, for appellant.

Thomas C. Kelleghan, of Wheaton, for appellees.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The defendant, Georgia Godellas, brings this appeal from a judgment entered on the pleadings in favor of the plaintiffs on their complaint in forcible entry and detainer.

The complaint, filed September 29, 1971, was brought by Theodore Godellas and William Godellas as trustees under a trust created by the last will and testament of Christopher Godellas, deceased, known as the Christopher Godellas-Chrisanti Godellas Trust. It alleged that the plaintiffs were entitled to possession of certain property located at 4 N 480 Park Street, Bensenville, Du Page County, and that Nickolas C. Godellas and Georgia Godellas, his wife, were unlawfully withholding possession of the property from them.

On October 20, Nickolas Godellas filed his answer and admitted the allegations of the complaint. On October 26, Georgia Godellas filed her answer wherein she denied the allegations that the plaintiffs were entitled to possession of the property and raised five special defenses to the action. On November 2, the plaintiffs filed a motion for judgment on the

pleadings which was granted, over the objection of Georgia Godellas, on the same day.

It appears from the agreed statement of facts entered in the cause that Georgia Godellas raised at the hearing on the motion, as a sixth special defense, the contention that the complaint was improperly brought by the plaintiffs since legal and equitable title to the premises was vested in Pioneer Trust and Savings Bank as trustee under a land trust known as Trust No. 16011. The court granted the motion of the plaintiffs, over objection, to add Pioneer as an additional party plaintiff and to amend their complaint on its face. Judgment was then entered in favor of the plaintiffs on their amended complaint on the grounds that the admissions of Nickolas Godellas that the plaintiffs were entitled to possession of the property and that it was unlawfully withheld by the defendants were binding on Georgia Godellas, as his wife, and conclusive of the material issues in the suit.

It has been held that an admission by a husband as to ownership of realty by the holder of paramount title is admissible against his wife where both were in possession without right. "Where the husband is the head of the family, as he is in the eye of the law, his taking a lease of the property is binding upon her, so far as it operates as a recognition of title of the true owner." *Chicago and Alton R.R. Co. v. Keegan*, 185 Ill. 70, 86 (1900); *Pullman Car Corp. v. Stroh*, 349 Ill. 492, 508 (1932).

The defendant would have us hold that this rule is "a musty relic of medieval law" and as relevant to these days of enlightenment and progress as the "bones of a dinosaur". Although that contention is not without interest, the case can be disposed of on a more mundane level.

■■ It is well established that a forcible entry action must be instituted by the trustee where title to the property has been conveyed to a land trust. *Wilkins v. Paul*, 346 Ill.App. 212; *Barnett v. Levy*, 331 Ill.App. 181; *Handler v. Alpert*, 331 Ill.App. 405; *Liberty Nat. Bank v. Kosterlitz*, 329 Ill.App. 244, 246.

■■ From the statement of facts it appears that title to this property was in Pioneer Trust as trustee and that it was, therefore, the party entitled to bring the suit for possession. In his answer, however, Nickolas C. Godellas admitted that Theodore Godellas and William Godellas as trustees were entitled to possession of the property, not Pioneer. Since Georgia Godellas denied that any or all of the plaintiffs were entitled to possession, it was improper to enter judgment in favor of Pioneer on the pleadings. Therefore, the judgment must be reversed and the cause remanded for further proceedings.

Reversed and remanded.

GUILD, P. J., and T. MORAN, J., concur.