RALPH MAMOLELLA, d/b/a West Side Auto Parts, Plaintiff-Appellant, *v.* FRANK MAMOLELLA, JR., Defendant-Appellee.

First District (4th Division)    No. 78-1133

Opinion filed June 14, 1979.

Richard L. Hoffman, of Skokie, for appellant.

Roger F. Maritote and Law Offices of Philip S. Aimen, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Ralph Mamolella, d/b/a West Side Auto Parts, brought an action in forcible entry and detainer in the circuit court of Cook County. (Ill. Rev. Stat. 1977, ch. 57, pars. 1 *et seq.*) The plaintiff sought possession of property located in the city of Chicago which he alleged the defendant, Frank Mamolella, Jr., was wrongfully withholding from him. The plaintiff appeals from an order granting the defendant's motion to dismiss pursuant to section 48 of the Civil Practice Act. Ill. Rev. Stat. 1977, ch. 110, par. 48.

The complaint, filed pursuant to section 5 of the forcible entry and detainer act (Ill. Rev. Stat. 1977, ch. 57, par. 5), merely states the plaintiff is entitled to possession and the defendant unlawfully withholds it from him. The motion to dismiss was not supported by any affidavits. For

purposes of this appeal we will accept the facts which appear to have been agreed upon by the parties: the plaintiff and his deceased brother, the father of the defendant, formed a partnership by a verbal agreement at some time in the past. The land in question was purchased by the partnership and title to the land is in the name of the First National Bank of Oak Park, as trustee of a land trust.

The defendant contends that the plaintiff does not have the right of possession and that only the trustee of a land trust can bring a forcible entry and detainer action to recover possession of the land in the trust. ■■ The argument that the plaintiff has no right of possession has two facets. First, the defendant argues that the plaintiff has no right to possess the real estate because he has no "separate share" in partnership property. This argument is based on a statement to that effect made in *Lueth v. Goodknecht* (1931), 345 Ill. 197, 177 N.E. 690. However, while that statement may be true during the existence of a partnership, on the death of a partner his interest in the partnership property vests in the surviving partner to be held by the surviving partner in trust. *Andrulis v. First National Bank* (1972), 4 Ill. App. 3d 436, 441, 281 N.E.2d 417, 421; Ill. Rev. Stat. 1977, ch. 106½, pars. 25(2)(a)(d), 30, 37.

The second part of the contention that the plaintiff has no right of possession is based on the fact that real estate owned by a partnership is considered an interest in personal property. *(Wharf v. Wharf* (1922), 306 Ill. 79, 137 N.E. 446; Ill. Rev. Stat. 1977, ch. 106½, par. 26.) Because of this conversion principle the defendant asserts, without any citation of authority, that the property as personal property cannot be the subject of a forcible entry and detainer action.

■■ The conversion of property from real estate into personal property under partnership law is only relevant to a consideration of the interests of the partners as among themselves. (*Zach v. Schulman* (1948), 213 Ark. 122, 210 S.W. 2d 124.) The fact that a partner's interest in partnership realty is in the nature of personal property certainly does not limit a surviving partner's power to sell or deal with the real estate as real estate. *Wharf; Davis v. Alexander* (1946), 25 Wash. 2d 458, 171 P.2d 167.

■■ The dissolution of the partnership in the instant case occurred either upon the partners' agreement to dissolve or upon the decedent's death. (Ill. Rev. Stat. 1977, ch. 106½, par. 29.) The plaintiff as the surviving partner had the duty to wind up the partnership affairs. The property in question being an asset of the partnership, the surviving partner has the statutory right of possession. An action in forcible entry and detainer is an action for possession. The surviving partner here had a sufficient right of possession to bring this action.

The defendant also argues that an action in forcible entry and

detainer must be brought in the name of the trustee of the land trust. The defendant relies on the case of *Godellas v. Godellas* (1973), 11 Ill. App. 3d 871, 872, 296 N.E.2d 876, 877, where the court stated:

"It is well established that a forcible entry action must be instituted by the trustee where title to the property has been conveyed to a land trust."

However, *Godellas* was not decided on that issue. As authority for the quoted statement the court relied on *Liberty National Bank v. Kosterlitz* (1946), 329 Ill. App. 244, 67 N.E.2d 876, and three cases which were published in abstract form only: *Wilkins v. Paul* (1952), 346 Ill. App. 212, 104 N.E.2d 549; *Barnett v. Levy* (1947), 331 Ill. App. 181, 72 N.E.2d 649; and *Handler v. Alpert* (1947), 331 Ill. App. 405, 73 N.E.2d 171.

The *Kosterlitz* court's statement that a forcible entry and detainer action must be instituted by a land trustee has been termed dicta and not binding. (*Bellows v. Ziv* (1962), 38 Ill. App. 2d 342, 187 N.E.2d 265.) Further, *Kosterlitz* was apparently decided on the basis that since the beneficiaries of the land trust were not the lessors they did not have the right of possession. The court concluded that they were not lessors because the trustee held title. This reasoning presupposes that title is necessary to the right to possess. We cannot agree. In *Bueter v. Krzystowczyk* (1950), 341 Ill. App. 298, 93 N.E.2d 428, for example, a tenant was able to maintain an action in forcible entry and detainer against her lessor, the holder of legal title. It is difficult to understand how a land trust beneficiary with the right to manage the property, control the renting, receive the proceeds from rentals and handle rents, as was the situation in *Kosterlitz*, does not also have the right to possession.

The *Wilkins v. Paul* case relies on *Kosterlitz* without any analysis. A similar situation obtains in *Handler v. Alpert*. The third case, *Barnett v. Levy*, is inapposite. *Barnett* is representative of an exception to the rule that title to the property may not be inquired into in a forcible entry and detainer action. The exception states that title will be examined where the tenant can show the real estate has been conveyed subsequent to the execution of the lease. This principle is of no relevance to our case.

Section 2 of the Act (Ill. Rev. Stat. 1977, ch. 57, par. 2) provides that forcible entry and detainer proceedings can be maintained by "[t]he person entitled to the possession of land of tenements * * *." The immediate right of possession is all that is involved and title cannot be inquired into. (*Davis v. Robinson* (1940), 374 Ill. 553, 30 N.E.2d 52.) Illinois courts have held that beneficiaries of a land trust have a right to sue in their own names for rents due. (*Klein v. Ickovitz* (1970), 121 Ill. App. 2d 191, 257 N.E.2d 187; *Bellows v. Ziv* (1962), 38 Ill. App. 2d 342, 187 N.E.2d 265.) Possession of legal title is not a prerequisite to the right

to sue for rents due, and should similarly not be a prerequisite to the right to sue for "possession." See H. Kenoe, Kenoe on Land Trusts (Ill. Inst. Cont'g Legal Educ. 1976).

■■ This matter was decided in the trial court on the basis of a motion to dismiss. It was the defendant's burden to show that the plaintiff had no right of possession. The mere assertion that title to the land is in the name of a trustee of a land trust does not show that the plaintiff was not entitled to possession. The question of the right to possession is a question of fact to be determined by the trial court.

For the foregoing reasons the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

JOHNSON and ROMITI, JJ., concur.