AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Trustee, *et al.*, Plaintiffs-Appellees, *v.* IRENE T. RYAN *et al.*, Defendants-Appellants.

First District (2nd Division)    No. 81-1133

Opinion filed May 11, 1982.

Ambrose & Cushing, P. C., of Chicago (John C. Ambrose, of counsel), for appellants.

Denenberg & Denenberg, of Chicago (Joseph B. Denenberg, of counsel), for appellee.

JUSTICE PERLIN delivered the opinion of the court:

Defendants, Irene T. Ryan and James Ryan, appeal from a judgment for possession entered in favor of plaintiff Willie Badiner & Associates, Inc., evicting defendants from a condominium unit, Apartment 2805, 330 West Diversey Parkway, Chicago, Illinois. Defendants contend that plaintiff's security interest in a beneficial interest in an Illinois land trust cannot be enforced in a forcible entry and detainer proceeding and that plaintiff lacked standing to bring an action to evict defendants. For the reasons hereinafter stated, we affirm the judgment of the trial court.

On March 1, 1978, a certain land trust was created at the American National Bank under trust number 42538 which held title to an improvement, being a condominium apartment number 2805 at 330 West Diversey Parkway, Chicago, Illinois. The owner of said condominium and beneficiary of said land trust was Irene T. Ryan. In June 1978 defendants, Irene T. Ryan and James Ryan, assigned 100% of the beneficial interest in the trust property to plaintiff, Willie Badiner & Associates, Inc., as collateral to secure a $40,000 loan. No evidence of a lease was presented, and there was no real estate contract for the purpose of the condominium between plaintiff and defendants. Willie Badiner, a principal of Willie Badiner & Associates, Inc., testified that it was his intention when the documents were executed that defendants would repay the principal of $40,000 plus $6,000 in interest and that he would return the condominium assignment to the defendants.

Badiner testified further that he made repeated demands for repayment of the loan. By an agreement dated January 15, 1979, the loan was extended. After further demands were made and not complied with, plaintiff served defendants with a demand for possession. The notice gave defendants 30 days to deliver possession. An action for forcible detainer for possession was filed on November 12, 1980, two days subsequent to the period covered by the notice. The trial court entered judgment for possession in favor of plaintiff.

I

Defendants initially contend that plaintiff's interest was not that of an owner of real estate but that of a secured party of personal property, and that its remedy upon defendants' default was limited to proceed against the documents which were held as security and not to proceed in an eviction suit.

■■ As security for the loan, plaintiff received an assignment of 100% of the defendants' beneficial interest in the land trust holding title to the condominium. The beneficial interest under an Illinois land trust is considered personal property. (*Levine v. Pascal* (1968), 94 Ill. App. 2d 43, 50, 236 N.E.2d 425.) An assignment of that beneficial interest to secure a note does not convert it into a real estate mortgage so as to permit a right of redemption. (*Horney v. Hayes* (1957), 11 Ill. 2d 178, 183, 142 N.E.2d 94; *Shefner v. University National Bank* (1976), 40 Ill. App. 3d 978, 980, 353 N.E.2d 126.) The principles applicable to acquiring a security interest in the beneficial interest in an Illinois land trust are those applicable to acquiring a security interest in personalty. (*Sheridan v. Park National Bank* (1981), 97 Ill. App. 3d 589, 591, 422 N.E.2d 1130.) The creation of a security interest in personal property is governed by article 9 of the Uniform Commercial Code. Ill. Rev. Stat. 1977, ch. 26, par. 9—101 *et seq.*

Section 9—501(1) of the Code states:

> "When a debtor is in default under a security agreement, a secured party has the rights and remedies provided in this Part and except as limited by subsection (3) [not applicable here] those provided in the security agreement. He may reduce his claim to judgment, foreclose or otherwise enforce the security interest by any available judicial procedure." Ill. Rev. Stat. 1977, ch. 26, par. 9—501(1).

Section 9—503 provides that "[u]nless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action." (Ill. Rev. Stat. 1977, ch. 26, par. 9—503.) The security agreement in this cause specifically extends to plaintiff "all the remedies of a secured party under the Uniform Commercial Code of Illinois, including without limitation the right to take immediate and exclusive possession of the Collateral."

The thrust of defendants' argument appears to be that the plaintiff's security interest in the beneficial interest in the land trust is personal property and as such cannot be enforced through a forcible entry and detainer action. Defendants cite no authority in support of this proposition, and we note that a similar argument was rejected in *Mamolella v. Mamolella* (1979), 73 Ill. App. 3d 398, 392 N.E.2d 99, where the court held that real estate owned by a partnership, although considered an interest in personal property, may be the subject of a forcible entry and detainer action. 73 Ill. App. 3d 398, 400.

■ An action in forcible entry and detainer is an action for possession. (Ill. Rev. Stat. 1979, ch. 57, par. 2; *Mamolella v. Mamolella* (1979), 73 Ill.

App. 3d 398, 400.) The forcible entry and detainer act does not confine the remedy it provides to a landlord-tenant relationship but provides a remedy whenever peaceable entry is made and possession unlawfully withheld. (Ill. Rev. Stat. 1979, ch. 57, par. 2; *Illinois Central R.R. Co. v. Michigan Central R.R. Co.* (1958), 18 Ill. App. 2d 462, 483, 152 N.E.2d 627; *Thomasson v. Wilson* (1893), 146 Ill. 384, 392, 34 N.E. 432.) As the assignee of defendants' beneficial interest in the land trust, plaintiff had a sufficient right of possession upon defendants' default to bring this action.

## II

Defendants next contend that where land has been conveyed to a land trust and no lease exists, a forcible entry and detainer action must be instituted by the trustee and not by the beneficiary of the trust or an assignee of the beneficiary's interest. Since, according to defendants, there was no evidence that plaintiff, Willie Badiner & Associates, Inc., owned the trust or that the trust had any interest in the defendants' property, plaintiff is at best a beneficiary and not a trustee and lacked standing to bring this action.

Defendants rely on *Godellas v. Godellas* (1973), 11 Ill. App. 3d 871, 872, 296 N.E.2d 876, where the court stated that "[I]t is well established that a forcible entry action must be instituted by the trustee where title to the property has been conveyed to a land trust." *Godellas*, however, was not decided on that issue, and both *Godellas* and the authorities on which it relied for the quoted statement have been rejected in a more recent case not cited by the parties. See *Mamolella v. Mamolella* (1979), 73 Ill. App. 3d 398, 400-402, 392 N.E.2d 99.

In *Mamolella* the court held that possession of legal title is not a prerequisite to the right to sue for "possession" of property held in a land trust. The beneficiary may institute such an action. (73 Ill. App. 3d 398, 401-02.) We find ourselves in accord with this holding because the forcible detainer statute relates solely to the right of possession and provides that the proceeding can be maintained by the "person entitled to the possession of lands or tenements." (Ill. Rev. Stat. 1979, ch. 57, par. 2.) Legal title is not a prerequisite to the maintenance of such a proceeding, and our supreme court has held that "in an action of forcible entry and detainer the immediate right of possession is all that is involved and the title can not be inquired into for any purpose." (*Davis v. Robinson* (1940), 374 Ill. 553, 555, 30 N.E.2d 52.) Where, under the terms of a security agreement, plaintiff, as the assignee of 100% of the beneficial interest in an Illinois land trust, had a right of possession upon defendants' default, a forcible entry and detainer action to oust defendants from possession is not barred by plaintiff's lack of legal title to the property nor by the

absence of a lease agreement. See H. Kenoe, Kenoe on Land Trusts sec. 6.26 (Ill. Inst. Cont'g Legal Educ. 1981).

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DOWNING and HARTMAN, JJ., concur.