### In re Richard A. BUGOS, Debtor.

### RIVERDALE BANK, Appellant (Defendant Below),

v.

### David R. DUBOIS, Trustee, Appellee (Plaintiff Below).

### No. H 83–309.

United States District Court, N.D. Indiana, Hammond Division.

Nov. 8, 1983.

As Amended Dec. 9, 1983.

Steven W. Handlon, Portage, Ind., for plaintiff.

David R. DuBois, Portage, Ind., for defendant.

KANNE, District Judge.

This matter is before the court on the notice of appeal filed by the Riverdale Bank on March 24, 1983. As the bank and the trustee in bankruptcy have adequately briefed the issue raised by the appeal and the court does not feel that oral argument would be helpful the court hereby denies the bank's motion for oral argument. Bankruptcy Rule 8012.

This appeal arises out of an adversary proceeding in the bankruptcy court wherein it was determined that the Riverdale Bank was an unsecured creditor of Richard Burgos. The parties agree [1] that in August of 1979 Richard Burgos, a resident of Indiana, borrowed $65,000.00 from the Riverdale Bank, located in Illinois, to purchase a towing business, also located in Illinois, and as security for the loan assigned to the bank his interest in an Indiana land trust.[2] The question presented to the bankruptcy court (and to this court) is whether the law of Indiana or the law of Illinois controls the perfection of the bank's security interest.[3]

The reasoning underlying the bankruptcy court's conclusion is contained in the following passage:

> The debtor's beneficial interest in the land trust is an interest in personal property. As such, the principle (sic) applicable to acquiring a security interest in personalty are those applicable to acquiring a security interest in a land trust. . . . *Further, since an interest in a land trust qualifies as a intangible, the determination of a party's secured status turns on the law of the state in which the debtor resides.* In re Cowsert, 14 B.R. 340, (Bkrtcy.S.D.Fla.1981). Therefore, Indiana Law determines the status of the Bank's security interest. Ind.Code Section 26–1–9–302(1), requires the filing of a financing statement to perfect all security interests unless the interest qualifys (sic) for one of the subsequently listed exceptions. Since a general intangible or a beneficial interest in a land trust fails to qualify for such an exception, Riverdale Bank should have filed a financing statement to perfect its interest in the land trust (emphasis added).

The key to the bankruptcy court's analysis is its categorical assertion that the law

---

1. The parties submitted the matter to the bankruptcy court on stipulations of fact.

2. Such an assignment can constitute a security agreement which is subject to the provisions of the Uniform Commercial Code. *See: Wambach v. Randall,* 484 F.2d 572 (7th Cir.1973).

3. The Uniform Commercial Code has been adopted by both Indiana and Illinois. Indiana has not, however, adopted the 1972 amendments to Article 9. § 9–302(1) was revised in 1972 (by the addition of a new paragraph (c)) to specifically exempt a security interest created by the assignment of a beneficial interest in a trust from the general requirement that a financing statement be filed in order to perfect a security interest. Thus, if Illinois' law applies the bank was protected even if it did not file a financing statement. The opposite result must be reached if Indiana's law applies.

of the state in which the debtor resides determines a party's secured status. *In re Cowsert*, 14 B.R. 340, 343 (Bkrtcy.S.D.Fla. 1981), cited by the bankruptcy judge, lends some support for this position; however, it represents an exception to the general rule that a debtor is located at his place of business and does not apply in all cases.

In *In re Cowsert*, the bankruptcy court refused to lift the automatic stay so that an Illinois bank could proceed against an interest in an Illinois land trust that had been assigned to it as security for a loan. The debtors in bankruptcy, a husband and wife who had moved to Florida from Illinois after assigning their interest, had lived in Florida about seven months before filing for bankruptcy.

In opposing the petition to lift the stay the trustee in bankruptcy argued that the bank had failed to perfect its security interest. The bankruptcy court agreed with the trustee and held that under the law of Florida the bank had failed to perfect its interest. In arriving at its conclusion that Florida law applied the bankruptcy court stated:

> Both Florida (the forum state) and Illinois have adopted the UCC choice of law provision at Fla.Stats. § 679.103(3)(b) and Ill.Rev.Stats., ch. 26, § 9–103(3)(b):
>
>> The law (including the conflict of laws rules) of the jurisdiction in which the debtor is located governs the perfection and the effect of perfection or nonperfection of the security interest.
>
> The Cowserts were residents of Illinois at the time the transaction was completed, but later became residents of Florida, so that Florida law as to perfection applies.

*In Re Cowsert*, 14 B.R. at 343.

Thus, the bankruptcy court in *In re Cowsert* equated the location of the debtor with the debtor's place of residence. Under certain circumstances the location of the debtor must be determined by looking to his place of residence. § 9–103(d) of the UCC (adopted by both Florida and Illinois) provides, however, that:

A debtor shall be deemed located at his place of business if he has one, at his chief executive office if he has more than one place of business, otherwise at his residence.

As noted earlier Indiana has not adopted the 1972 amendments to Article 9. When Article 9 was revised § 9–103 was completely rewritten but most of the changes were formal and did not affect the substance of the rule. Indiana Code § 26–1–9–103(2) provides in pertinent part:

> If the chief place of business of a debtor is in this state, this article [chapter] governs the validity of a security interest and the possibility and effect of proper filing with regard to general intangibles. . . . Otherwise, the law (including the conflicts of laws rules) of the jurisdiction where such chief place of business is located shall govern.

Thus, the general rule—that the law of the debtor's place of business governs the perfection of a security interest—is basically the same under either version. § 9–103.

■ In *In re Cowsert* there was no mention of the debtors being involved in any sort of business. Here, the parties have stipulated that the debtor was, at the time of the assignment, doing business as J & R Towing at 12658 S. Winchester Avenue, Calumet Park, Illinois, and at no other location. Applying Ind.Code § 26–1–9–103(2) one must conclude that the law of Illinois governs the perfection of the bank's security interest.

In his brief the trustee argues that, if Illinois law does control the perfection of the security interest, then the bank was required by Ill.Rev.Stat. ch. 26, § 9–103(3)(e) to file a financing statement in Indiana because the location of the debtor changed more than four months before the bankruptcy petition was filed.

§ 9–103(3)(e) provides:

A security interest perfected under the law of the jurisdiction of the location of the debtor is perfected until expiration of 4 months after a change of the debtor's

location to another jurisdiction, or until perfection would have ceased by the law of the first jurisdiction, whichever period first expires. Unless perfected in the new jurisdiction before the end of that period, it becomes unperfected thereafter and is deemed to have been unperfected as against a person who became a purchaser after the change.

The trustee asserts that the debtor closed his towing business in May of 1981.[4] The trustee then argues that when Mr. Burgos closed his business in Illinois he was no longer located, for purposes of the UCC, in that state. After the closing of the business Burgos' location shifted to Indiana, the state of his residence.

The trustee raises an interesting argument; however, this court cannot consider it as it was not raised before the bankruptcy court. *Bullard v. Aluminum Company of America,* 468 F.2d 11 (7th Cir.1972).

Thus, the law of Illinois applies. In Illinois it is clear that the assignee of a beneficial interest in a land trust does not have to file a financing statement in order to perfect a security interest. *First Federal Savings & Loan Association v. Pogue,* 72 Ill.App.3d 54, 55–57, 27 Ill.Dec. 588, 591, 389 N.E.2d 652, 655 (1979). Accordingly, IT IS ORDERED that the bankruptcy court's order of March 18, 1983, is hereby REVERSED and the bankruptcy court is directed to restore the Riverdale Bank to its prior status as a secured creditor.