(No. 21337.—

MIRIAM D. MOORE, Exrx., *vs.* EMILY D. GILMER *et al.* Plaintiffs in Error.—(CHARLES B. BOLLES, Defendant in Error.)

*Opinion filed October 21, 1933.*

L. EARL BACH, for plaintiffs in error.

ADLAI H. RUST, GEORGE W. JOHNSON, and HOOPES & PEFFERLE, for defendant in error.

Mr. JUSTICE JONES delivered the opinion of the court:

Emily D. Gilmer and Paul M. Gilmer, her husband, plaintiffs in error, have prosecuted a writ of error to review the proceedings in the probate court of McLean county instituted to sell real estate to pay debts of Mary L. Douglass, deceased. Mrs. Douglass died December 27, 1927, leaving a last will and testament, which was duly admitted to probate. Miriam D. Moore, a daughter of Mrs. Douglass, is the qualified and acting executrix of the last will and testament.

On December 8, 1920, the decedent was the owner of land in McLean county known as the Colfax farm. She also owned other real estate. On that day she executed a warranty deed purporting to convey approximately one-half of the farm to her daughter Miriam D. Moore and another deed to her daughter Emily D. Gilmer purporting to convey the remaining portion of the farm. The deeds were not delivered at the time of their execution, and

whether or not they were delivered at any time during the life of Mrs. Douglass is in dispute. The inventory, as originally filed by the executrix, did not list the Colfax farm as a portion of the real estate of which Mrs. Douglass died seized, but later a supplemental inventory was filed which included that land. A petition was filed by the executrix December 1, 1930, in the probate court of McLean county, to sell all of the Colfax farm and other real estate of which Mrs. Douglass died seized, to pay the debts of the decedent. A decree ordering all of the lands to be sold was entered February 2, 1931. It recited that service was had on plaintiffs in error, Mrs. Gilmer and her husband, Paul M. Gilmer, by publication. The Colfax farm was sold to George W. Bansau for $12,167.50, subject to a mortgage of $24,000. Pursuant to the terms of sale he made a down payment of $1216.75. The remainder of the purchase price was payable upon the approval of the sale by the court and a delivery of the deed. All other lands described in the petition were sold and a report of sale was approved. The executrix declined to deliver deeds to the purchasers, whereupon Charles B. Bolles filed a petition in the probate court in which he alleged all the facts relating to the sales of land under said proceedings and the refusal of the executrix to execute and deliver deeds. He also alleged that he is a creditor of the estate, and that it is necessary that the decree be complied with by the executrix and the purchasers in order that he and other creditors of the estate may obtain satisfaction of the claims which have been allowed. He charged that the executrix was refusing to consummate the sales because she and her sister, Emily D. Gilmer, claim to own some interest in the Colfax farm. Mrs. Moore and Mrs. Gilmer, together with other interested parties, were made defendants to this petition, the prayer of which is that the executrix be compelled to consummate the sale of the real estate, that she and her sister, Mrs. Gilmer, be decreed to have no rights of any kind in the real

estate which have not been barred and completely adjudicated by the decree for sale, and that the purchasers be ordered to pay the balance due on their respective purchases. Bansau and the other purchasers answered that they are ready, willing and able to complete the purchases whenever a good, mechantable title, free from clouds, is conveyed to them pursuant to the terms of the sale. The executrix answered that she is ready to comply with any and all orders which may be made against her by the court. Mrs. Gilmer's answer alleged that Mrs. Douglass was not the owner of the Colfax farm at the time of her death, but that prior thereto, on December 8, 1920, Mrs. Douglass had conveyed approximately one-half of the farm to Mrs. Moore and the other one-half to Mrs. Gilmer; that they are the owners of said land; that it was not subject to sale for the payment of decedent's debts; that no legal notice of the pendency of the proceedings in the probate court was served upon her; that the court was without jurisdiction as to her person, and that the decree for sale is not binding upon her.

It is the contention of Bolles, the defendant in error, that there was no delivery of the deeds to Mrs. Moore and Mrs. Gilmer, and that therefore the title was in Mrs. Douglass at the time of her death and is liable for the payment of her debts. It is his further contention that Mrs. Gilmer waived and released all errors, inaccuracies or insufficiencies in the publication notice, expressly waived the issuance and service of process upon her and requested the court to enter a decree granting the prayer of the petition to sell all real estate mentioned and described in the petition.

The service by publication was defective because the publication notice did not correctly describe the Colfax farm and the publisher did not certify he was the publisher of the newspaper in which the notice appeared. Section 104 of the Administration act requires the notice to contain a description of the premises described in the petition. The

Colfax farm was not correctly described in the notice. The publisher's certificate did not affirmatively state that the person making the certificate was the publisher of the newspaper which contained the notice. The mere use of the word "publisher" as the title of the person making the certificate does not fulfill the requirements of the statute. (*People* v. *Coal Belt Electric Railway Co.* 311 Ill. 29; *McChesney* v. *People*, 174 id. 46.) The service by publication as it stood when the decree was entered did not give the probate court of McLean county jurisdiction over the persons of plaintiffs in error, and the question arises, Did they submit themselves to the jurisdiction of the court so as to give validity to the sale of the premises?

The decree for sale was entered February 2, 1931, and on February 9, 1931, plaintiffs in error, together with certain other parties to the suit, entered their appearance and filed a waiver of all errors, inaccuracies and insufficiencies in the publication notice and of all defects in the proceedings. They also waived further notice and requested that a decree be entered for the sale of the real estate described in the petition. The executrix, in compliance with the decree, sold the real estate at public sale on February 28, 1931. Plaintiffs in error raised no objection to the sale but on March 9, 1931, caused the above mentioned deeds from Mrs. Douglass to be filed for record. The report of sale was approved March 21, 1931, without objection. The purchasers declined to complete their purchases because of the clouds created by the recording of the deeds and because of the claim then being made by plaintiffs in error that the decree for sale was invalid.

Plaintiffs in error alleged in their answer that their entry of appearance and waiver of defects and errors were obtained by fraud, accident and mistake, but no attempt was made to prove that defense and it was abandoned. When plaintiffs in error appeared in court, waived all defects in the proceedings, including the publication notice,

and requested the court to make sale of all the real estate described in the petition, they submitted themselves to the jurisdiction of the court as effectually as though the publication notice and the publisher's certificate contained no defect. The waiver empowered the court to treat the publication notice, and the certificate relating thereto, as being without any imperfections, and to find, as it did, that plaintiffs in error were properly served by publication in due time for a decree at the February term, 1931.

It is the general rule that where a defendant enters his appearance during a term of court no default can be taken or decree entered against him at that term unless he specifically consents to it; (*Flagg* v. *Walker,* 109 Ill. 494; *Sheridan* v. *Beardsley,* 89 id. 477;) but where consent is given to enter an order or decree at that term the court may do so with the same effect as might have been done if the defendant had been personally served with summons at least ten days before the first day of the term, and, likewise, a party may consent or request the court to take such proceedings in a case as it might have taken had the party been regularly brought into court at that term through service by publication. Such is the situation here. Plaintiffs in error well understood the defects in the attempted service upon them, but, apparently not seeking to delay the proceedings to sell the real estate, expressly waived the defects in service, waived further notice, and requested the court to sell the land described in the petition. They authorized the court to proceed as though the publication notice was without defect. Under this authority the court could proceed without delay. Plaintiffs in error knew that the lands to be sold included the Colfax farm. They knew the date it was to be sold at public sale and knew that a report of sale would be presented to the court for confirmation yet made no objection to any of these proceedings. They not only acquiesced in the orders of the court but invited and requested them. Their appearance, waiver of errors and

request for a sale of the lands estop them from questioning the validity of the proceedings. When a person having title to or an interest in property knowingly stands by and suffers it to be sold under a judgment order or decree without asserting his title or right or making it known to the bidder, he cannot afterwards set up his claim. (*Reiss* v. *Hanchett,* 141 Ill. 419; *Slinger* v. *Sterrett,* 283 id. 82; *McConnell* v. *People,* 84 id. 583.) Equity will not permit plaintiffs in error, who have induced the court to sell lands as the property of Mrs. Douglass, to afterwards set up a claim of ownership in themselves. *Oliver* v. *Oliver,* 179 Ill. 9.

It is urged that the decree for sale was improperly entered because no rule to plead, answer or demur had been entered against plaintiffs in error at the time their default was taken. Even if it be conceded that such a rule is generally necessary, the objection that it was not entered in this case is not tenable, because it was well known to plaintiffs in error that the decree for sale had been entered when they filed their appearance and waived all errors in the proceeding. If an error existed in the record at that time it was expressly waived by plaintiffs in error.

The conclusion we have reached as to the doctrine of estoppel and the effect of the waiver renders it unnecessary to discuss any of the numerous other points raised in this case.

The order of the probate court directing the executrix and the purchasers to consummate the sales is in accordance with the facts and the law of the case. That order, and also the decree for sale and the decree confirming the sale, are affirmed.

*Decrees affirmed.*