Howard B. Quinn and Charlotte J. Quinn, Plaintiffs-Appellants, v. Pullman Trust and Savings Bank, a Corporation, Defendant-Appellee.

Gen. No. 52,149.

First District.

September 11, 1968.

Samuel E. Hirsch, of Chicago, for appellants.

Wildman, Harrold, Allen & Dixon of Chicago (Thomas D. Allen, of counsel, for appellee.

MR. JUSTICE CRAVEN delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Cook County entered on motion for summary judgment by defendant against an amended complaint by plaintiffs as beneficial owners of real estate in Cook County which was held by defendant-bank as trustee under land trusts created by plaintiffs.

Plaintiffs, after creating the land trusts of real estate with defendant as trustee, borrowed from defendant $175,000, evidenced same by a 90-day note, and pledged an assignment of their beneficial interests of the trusts as security for the loan. Plaintiffs contend the written instruments of assignment constituted second real estate mortgages. An assignment of rents, issues and profits from the properties also was made as part of the

pledge. The note contained a provision giving defendant-bank payee the power to sell the pledged property, without advertisement, demand of payment or notice, at public or private sale or sales, in case the note or any liability of the makers was not paid at maturity. It permitted the payee or assigns to purchase and provided that the net proceeds, after the sale expenses, be applied on the liabilities of the makers and the surplus, if any, be paid to the makers.

Upon failure of plaintiffs to pay the note when due, the bank sold the beneficial interests in the six trusts after posting three public notices of the sale for one week. Plaintiff Howard B. Quinn and his attorney were present at the sale. Defendant-bank purchased the beneficial interests for the full amount of the indebtedness and later sold them to third parties.

Plaintiffs filed suit claiming the instruments constituted a mortgage, that the sale of the beneficial interests was a strict foreclosure of real estate wherein the statutory provisions for foreclosure were not followed, and prayed for an accounting of all sums received from the sales. Defendant filed a motion for summary judgment, which the trial court granted, and entered judgment for defendant.

██ The agreements with the bank transferring the real estate to the bank were in the usual form of land trusts, providing that the rights of the beneficiaries were "deemed to be personal property, and may be assigned and transferred as such." Illinois courts have for some time recognized the creation of the so-called "land trusts." Under such trusts the trustee holds legal and equitable title to real estate subject to full powers of direction and control in the trust beneficiaries. The trustee has duties to deal with the real estate on direction of the beneficiaries, and at the end of the trust period

specified to sell any property remaining in the trust and divide the proceeds among the beneficiaries.

 The interest of the beneficiaries of the trusts is personal property and the Statute of Uses does not apply to land trusts. Chicago Title & Trust Co. v. Mercantile Trust & Savings Bank, 300 Ill App 329, 20 NE2d 992. Whether a merger of the legal and equitable estates results depends upon the intention of the parties as set forth in the trust agreement. Equity will prevent or permit a merger as will best serve justice and the intent of the parties. Wechter v. Chicago Title & Trust Co., 385 Ill 111, 52 NE2d 157. Clearly, no merger was intended or resulted by virtue of the instruments here involved.

 A land trust may not be used as a device to circumvent the right of redemption where the transaction of creation of the land trust and borrowing of funds with the simultaneous pledging and assignment of the beneficial interest are one transaction. However where, as here, the trust contains no provision for sale of the real estate subject-matter on default in a debt, where it is set up for purposes other than as a security for a debt, where the pledge of the beneficial interest is subsequent to the creation of the trust, and where the pledge security transaction is of the trust beneficial interest only, the transaction is valid and will not be construed to be a real estate mortgage. Horney v. Hayes, 11 Ill2d 178, 142 NE2d 94. Otherwise, if these four tests are not complied with, the transaction may constitute a real estate mortgage with the attendant right of redemption. De Voigne v. Chicago Title & Trust Co., 304 Ill 177, 136 NE 498. Horney is determinative here. See also Lawn Savings & Loan Ass'n v. Quinn, 81 Ill App2d 304, 225 NE2d 683 (1st Dist 1967).

 In the instant case no allegations of fraud or subterfuge in the transaction appear. No genuine issue of

fact was present. It was, therefore, proper to enter a summary judgment on defendant's motion, as required by section 57(3) of the Civil Practice Act (Ill Rev Stats 1965, c 110, § 57(3).) Defendant's motion for summary judgment, supported by affidavit, uncontradicted by any counteraffidavit of plaintiffs, clearly negated any intention of the parties to create an interest in the nature of a mortgage, and the instruments executed between the parties showed that their intention was to create effective land trusts with subsequent pledges of the trust beneficial interests only. Further, the actions of plaintiffs in standing by and permitting the real estate to be sold, without asserting any claim of title, would effectively estop them from claiming title or interest in the real estate as to a subsequent purchaser. Moore v. Gilmer, 353 Ill 420, 187 NE 466; Shippert v. Shippert, 371 Ill 267, 20 NE2d 597. The trial court correctly granted the summary judgment motion and properly entered judgment for defendant.

Judgment affirmed.

SMITH, P. J. and TRAPP, J., concur.