CARL LANDINO *et al.*, Plaintiffs-Appellees, *v.* AMERICAN NATIONAL BANK OF SOUTH CHICAGO HEIGHTS *et al.*, Defendants (American National Bank of South Chicago Heights, Defendant-Appellant).

First District (2nd Division) No. 83—1240

Opinion filed December 27, 1983.

Crowley, Barrett & Karaba, of Chicago (Edward W. Barrett, Charles W. Siragusa, and Cynthia M. Hinman, of counsel), for appellant.

Friedman, Weston, Sternberg & Rakich, of Matteson (Steven D. Rakich, of counsel), for appellees.

JUSTICE STAMOS delivered the opinion of the court:

This action was brought by plaintiffs Carl Landino, Dorotha M. Landino, Peter Zorica and Barbara Ann Zorica to obtain preliminary and permanent injunctive relief enjoining defendant American National Bank of South Chicago Heights from conducting a Uniform Commercial Code sale of plaintiffs' beneficial interests in South Holland Trust and Savings Bank Trust Nos. 4699 and 4701. The circuit court entered a preliminary injunction on April 27, 1983, enjoining American National from conducting the sale. American National appeals from the entry of this preliminary injunction.

Early in 1979, plaintiffs applied to American National Bank of South Chicago Heights for a loan through plaintiffs' land development company, the Ridgefield Development Corporation. On April 18, 1979, American National issued a commitment letter to plaintiffs which provided that American National would make a loan in the amount of $180,000 to Ridgefield. One of the conditions of the loan described in the letter required that plaintiffs deed their residences into land trusts and assign the beneficial interests in the land trusts to American National.

On May 17, 1979, plaintiffs created South Holland Trust and Savings Bank Trust Nos. 4699 and 4701 and transferred their personal residences into the trusts. On June 8, 1979, the beneficial interests in

the trusts were pledged as collateral to American National in order to secure the indebtedness.

On June 13, 1979, plaintiffs executed a promissory note in the amount of $150,000 payable to American National. The note provided that the principal amount was payable on September 15, 1981, with interest payable semi-annually beginning on December 15, 1979. Plaintiffs defaulted on the note in September 1981 and on March 1, 1983, American National released a notice of public sale of the beneficial interest under the Illinois Uniform Commercial Code.

Plaintiffs filed suit seeking to enjoin the sale of the beneficial interest. Plaintiffs claimed that the interests constituted a mortgage and that the sale of the beneficial interests defeated plaintiffs' rights of redemption under the Illinois Mortgage Foreclosure Act.

The trial court entered a preliminary injunction, holding that the proposed sale of the trust beneficial interest violated plaintiffs' rights of redemption under the Illinois Mortgage Foreclosure Act. American National appeals.

Defendant contends that the trial court erred in granting the preliminary injunction preventing the sale of the property by defendant. Plaintiffs argue that the creation of the land trusts resulted in equitable mortgages, thereby giving plaintiffs a right of redemption.

■■ ■ It is true that under Illinois law the beneficial interest under a land trust is considered to be personal property (*Levine v. Pascal* (1968), 94 Ill. App. 2d 43, 50, 236 N.E.2d 425), and the assignment of that beneficial interest to secure a note does not convert it into a real estate mortgage so as to permit a right of redemption. (See *Horney v. Hayes* (1957), 11 Ill. 2d 178, 183, 142 N.E.2d 94.) However, courts look to the substance and not the form of a transaction to determine whether a conveyance absolute in form is in reality a mortgage. (*Havana National Bank v. Wiemer* (1975), 32 Ill. App. 3d 578, 583, 335 N.E.2d 506.) "Therefore, a trust deed absolute in form will be regarded as a mortgage where the evidence indicates that a conveyance to the trustee was made merely as security for a loan of money and that the parties contemplated that the grantee would reconvey the fee to the grantor upon satisfaction of the debt." *First Federal Savings & Loan Association v. Pogue* (1979), 72 Ill. App. 3d 54, 58, 389 N.E.2d 652; see, *e.g., DeVoigne v. Chicago Title & Trust Co.* (1922), 304 Ill. 177, 182-83, 136 N.E. 498.

The record in the instant case clearly shows that the trusts were created in contemplation of their use as security for a loan. In fact, defendant's commitment letter required the creation of the trusts as a condition of the loan. The trust agreements, the collateral assign-

ments and the promissory note, while not executed simultaneously, were completed in close proximity and apparently for the purpose of providing security for the loan in circumvention of plaintiffs' rights of redemption under the Illinois Mortgage Foreclosure Act.

◼ A land trust may not be used as a device to circumvent the right of redemption where the creation of the land trust, the borrowing of funds and the pledging and assignment of the beneficial interest are one transaction. *Quinn v. Pullman Trust & Savings Bank* (1968), 98 Ill. App. 2d 402, 405, 240 N.E.2d 791.

In *Quinn*, the court set forth specific guidelines to be used in analyzing assignments of beneficial interests in land trusts, stating:

"[Where] the trust contains no provision for sale of the real estate subject-matter on default in a debt, where it is set up for purposes other than as a security for a debt, where the pledge of the beneficial interest is subsequent to the creation of the trust, and where the pledge security transaction is of the trust beneficial interest only, the transaction is valid and will not be construed to be a real estate mortgage. Horney v. Hayes, 11 Ill. 2d 178, 142 N.E.2d 94. Otherwise, if these four tests are not complied with, the transaction may constitute a real estate mortgage with the attendant right of redemption. De Voigne v. Chicago Title & Trust Co., 304 Ill. 177, 136 N.E. 498." 98 Ill. App. 2d 402, 405.

We find that these four tests have not been complied with in the instant case. The record clearly shows that the trusts were created purely for the purpose of serving as security for the debt. Therefore, we find no error in the circuit court's order holding that an equitable mortgage with the attendant right of redemption existed and enjoining the sale of plaintiffs' beneficial interests.

The order of the circuit court is affirmed.

Affirmed.

DOWNING, P.J., and PERLIN, J., concur.