HARLINGTON WOOD, Jr., Circuit Judge.
 

 In this bankruptcy dispute we must determine under Illinois law whether this particular land trust arrangement created an equitable mortgage with homestead rights preserved for the debtor and his wife.
 

 I.
 

 Fascetta, the debtor, became indebted to the Capitol Bank & Trust of Chicago by reason of a guarantee executed by him on October 9, 1980, for an amount not to exceed $218,000, in consideration of Capitol’s loan to his business. About two months later on December 15, 1980, Fascetta and his wife entered into an agreement with Capitol to create Land Trust No. 143 which was to hold title to their home. At the same time the Fascettas executed and delivered a deed in trust conveying the home to Capitol as Trustee of Trust No. 143. Both the trust agreement and the trust deed provided that the Fascettas’ only interest thereafter in their home was in the earnings, avails, and proceeds that might arise from the sale or other disposition of the property. It was further provided that the interest of the Fascettas in the trust was personal property. Homestead rights were specifically waived. Approximately ten days later, Fascetta executed the second guarantee in an amount not to exceed $250,000 for an additional business loan. At the same time, as security for the two business loans, the Fascettas assigned to Capitol as lender their beneficial interest in the trust of which Capitol was trustee.
 

 At the time of this assignment the Illinois statute
 
 [1]
 
 provided an estate of homestead in the value of $10,000 per household in land rightly possessed and occupied as a residence by a householder with a family. The statute was silent as to whether the homestead exemption extended to the beneficial interest in a land trust. A little over a year after this transaction, on January 1, 1982, the Illinois Homestead Act was amended to increase the amount of the exemption to $7,500 per spouse, and to provide that the homestead exemption applied to personal property, including the res of a land trust.
 
 [2]
 

 Capitol’s substantial loans to Fascetta did not save his business. On August 25, 1983, Fascetta filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.
 
 [3]
 
 On November 15, 1983, Fas-cetta filed an application to determine where he stood in relation to Capitol, the assignee of the beneficial interest in the Capitol trust. At the same time, Capitol moved to modify the bankruptcy automatic stay to permit it to foreclose on the assignment of the beneficial interest which it held.
 

 The bankruptcy judge resolved the matter by allowing Fascetta and his wife each a $7,500 homestead exemption in the trust property. Capitol appealed to the district court which reversed, holding that Capitol’s lien on the beneficial interest in the trust was not subject to homestead rights. The district court reasoned that the Fascettas’ interest in the trust had been converted into an interest in personal property, and further that when Capitol perfected its lien in the beneficial interest in the trust, the Illinois statute had not yet been amended to authorize a homestead exemption in personal property. The district court further reasoned that the 1982 homestead amendment could not be applied retroactively as to do so adversely to Capitol’s lien would violate the Fifth and Fourteenth Amendments to the Constitution. Fascetta appeals.
 

 II.
 

 Fascetta contends that these transactions created an equitable mortgage with
 
 *1079
 
 the right of redemption and homestead exemptions; Capitol says they did not, and argues that the transactions created a Uniform Commercial Code Article 9 security interest in personal property with no redemption or homestead rights recognizable under the statute in effect at that time. Although neither the bankruptcy court nor the district court focused on the equitable mortgage theory urged in this court, on the record before us the issue can be resolved as a matter of law.
 

 In
 
 Horney v. Hayes,
 
 11 Ill.2d 178, 142 N.E.2d 94 (1957), the Illinois Supreme Court was asked to determine whether the trust arrangement there in question created an equitable mortgage or a security interest in personal property. The following factors contributed to the Court’s conclusion that a security interest in personal property had been created: (1) the trust contained no provision for the sale of the trust real estate upon default; (2) the trust was not created as security for a debt; (3) assignment of the beneficial interest occurred subsequent to the creation of the trust; and (4) only the beneficial interest in the trust was pledged as security. The Court distinguished its earlier decision in
 
 DeVoigne v. Chicago Title & Trust Co.,
 
 304 Ill. 177, 136 N.E. 498 (1922), in which it found a security interest in the beneficial interest in a land trust to be an equitable mortgage largely because the trust agreement provided for the sale of the real estate upon default.
 

 Later, in
 
 Quinn v. Pullman Trust & Savings Bank,
 
 98 Ill.App.2d 402, 240 N.E.2d 791 (1968), an Illinois appellate court, in construing a land trust not to be a mortgage, characterized the
 
 Homey
 
 factors as “tests,” and determined that a failure to satisfy any of the four would turn a land trust into an equitable mortgage.
 

 We find some degree of disagreement in the more recent Illinois cases, even from the same district, on the appropriate application of the
 
 Homey
 
 considerations. In
 
 Landino v. American National Bank of South Chicago Heights,
 
 120 Ill.App.3d 740, 76 Ill.Dec. 416, 458 N.E.2d 1070 (1st Dist.1983), the court, strictly construing
 
 Homey
 
 and following
 
 Quinn,
 
 held that all four requirements must be met before an assignment of a beneficial interest in a land trust will be deemed to have resulted in a security interest in personal property; the
 
 Landino
 
 court found that all tests had not been passed and that an equitable mortgage with the attendant right of redemption had been created.
 

 A year later in
 
 Melrose Park National Bank v. Melrose Park National Bank, as Trustee,
 
 123 Ill.App.3d 19, 78 Ill.Dec. 622, 462 N.E.2d 741 (1st Dist.1984), the court, in a thorough analysis of Illinois law, disagreed that all four
 
 Homey
 
 considerations had to be found to exist before a personal property security interest could be recognized. The four considerations, the court held, are not hard and fast “tests,” but merely guidelines to be used to garner the intent of the parties from the trust instruments. The
 
 Melrose
 
 court therefore permitted a personal property interest to be recognized in a land trust even though it was admitted that the trust was in fact created as security for a debt, and the pledge of the beneficial interest and the creation of the trust occurred on the same day. The court reached this conclusion because the instruments did not provide that the trust real estate would be sold if the beneficiaries were in default, and further because the security transaction concerned the beneficial interest only and made no reference to the real estate res of the trust. The
 
 Melrose
 
 court’s reading of
 
 Homey
 
 was that the most critical fact used to assess the intent of the parties was that the trust agreement did not provide for the sale of the real estate upon default.
 

 Turning to the case before us, application of two of the
 
 Homey
 
 guidelines to the trust arrangement yields what looks like a mortgage. The record reveals no purpose for the arrangement other than as collateral for the debt.
 
 [4]
 
 Although the pledge of
 
 *1080
 
 the beneficial interest to Capitol as lender occurred subsequent to the creation of the trust, these transactions were only ten days apart. In
 
 Landino,
 
 the twenty-two day period separating the creation of the trust and the subsequent pledge of the beneficial interest as security was deemed to be close enough to warrant treatment of the security interest as an equitable mortgage.
 

 Nevertheless, as in
 
 Melrose,
 
 we find that the land trust in the present case lacks certain significant characteristics of a mortgage. The trust agreement does not provide for the sale of the trust real estate upon default, a factor found to be critical in
 
 Homey.
 
 Further, as in
 
 Melrose,
 
 the security transaction involved the beneficial interest only without reference to the real estate res of the trust. Our job is not to make Illinois law, but only to try to devine what the current law is and to apply it to the present case.
 
 Melrose
 
 is the latest Illinois case which has come to our attention and contains the most thorough analysis of the issue. We believe that under the flexible approach of
 
 Melrose,
 
 Capitol has a security interest in personal property. It follows that the Fascettas have neither a right of redemption nor homestead rights under the pre-1982 version of the Illinois Homestead Act.
 

 But for the lack of the power of sale and some reference to the real estate res in the security instruments, this transaction has some of the appearances of a sophisticated attempt to avoid the debtors’ right of redemption and homestead rights. Nevertheless, if the parties choose to use this type of land trust fiction for their purposes and to convert real estate into personalty under the Uniform Commercial Code thereby waiving certain real estate rights, it appears that under current Illinois law that is their choice, but only up to a point.
 
 [5]
 
 That point, where a land trust is used illegally to circumvent the right of redemption and homestead rights, was not quite reached in this case as it was in
 
 DeVoigne.
 
 It will not be surprising, however, if there continues to be further refinement in the Illinois law of land trusts.
 

 III.
 

 The district court, in reversing the bankruptcy court, held that the 1982 amendments to the Illinois Homestead Act raising the amount of the exemption and making it applicable for the first time to personal property could not constitutionally be applied retroactively to this transaction.
 
 United States v. Security Industrial Bank,
 
 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982). The bankruptcy court had applied the new homestead exemption to the personal property created by the trust on the ground that the controlling law is that which is in effect at the time the exemption is claimed.
 
 Henson v. Moore,
 
 104 Ill. 403 (1882);
 
 Cochran v. Cutler,
 
 39 Ill.App.3d 602, 350 N.E.2d 59 (2d Dist.1976).
 
 Cochran,
 
 350 N.E.2d at 63, is concerned with an exemption that existed at the time of the transaction and holds only that the statutory amount in force at the time the previously existing exemption is claimed will govern. In contrast, the present 1982 amendment added a new feature by creating for the first time a homestead in the fictionalized personal property res of a land trust. The possibility of a totally new exemption, as distinct from merely a change in the amount of a preexisting exemption, was not part of the bargain between these parties. We agree with the district court that application of this new Illinois exemption at the expense of Capitol cannot be permitted.
 

 AFFIRMED.
 

 [1]
 

 .Ill.Rev.Stat. ch. 52, § 1 (1979).
 

 [2]
 

 . Ill.Rev.Stat. ch. 110, § 12-901
 
 et seq.
 
 (1984).
 

 [3]
 

 . 11 U.S.C. § 101
 
 et seq.
 

 [4]
 

 . There could be numerous reasons for the creation of a land trust. The trust, for example,
 
 *1080
 
 may be secretive as to the identity of the beneficiary, remove the beneficiary from direct negotiations with tenants if the property is leased, and permit easier management by multiple owners. For some background on the uses of land trusts see Comment,
 
 Land Trustee as Secured Creditor: Fiduciary Duties Revisited,
 
 2 S.Ill.LJ. 249, 255-56 (1982).
 

 [5]
 

 .
 
 See
 
 Haswell & Levine,
 
 The Illinois Land Trust: A Fictional Best Seller,
 
 33 DEPAUL L.REV. 277 (1984).