EDWARD SLOVICK *et al.*, Plaintiffs-Appellants and Cross-Appellees, v. ALL AMERICAN BANK OF CHICAGO, Defendant-Appellee and Cross-Appellant (Colonial Bank & Trust Company of Chicago, Defendant).

First District (1st Division)   No. 86—1445

Opinion filed November 30, 1987.

James S. Gordon, Ltd., of Chicago (Ira Bodenstein, of counsel), for appellants.

Greenberg, Keele, Lunn & Aronberg, of Chicago (Nathan H. Lichtenstein and Halbert O. Crews, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiffs, Edward and Marilyn Slovick, brought this action against All American Bank (AAB) and Colonial Bank & Trust (CBT) to set aside the Uniform Commercial Code (UCC) foreclosure sale of a 100% beneficial interest in a land trust holding title to their family residence. Plaintiffs also alleged that CBT, their trustee, breached fiduciary duties it owed them. In addition, AAB filed a counterclaim to confirm the sale and recover an additional $25,000 that was lent to plaintiffs.

Plaintiffs assigned their beneficial interest in the land trust to AAB as collateral for a mortgage loan on their property. Upon default on the loan, AAB foreclosed on the beneficial interest but did not institute a mortgage foreclosure action. Instead, it sold the beneficial interest under the provisions of section 9—504 of the Illinois Uniform Commercial Code (UCC). (Ill. Rev. Stat. 1985, ch. 26, par. 9—504.) AAB was the sole bidder at this sale and acquired the property for a price equal to the unpaid balance on the loan.

The trial court decided the case on cross-motions for summary judgment. It granted AAB's motion and confirmed the validity of the sale. It also granted plaintiffs' motion with respect to the $25,000 loan, holding that AAB's failure to mitigate damages prevented recovery on the loan. Both parties now appeal the court's order granting summary judgment.

## I

■ We first consider whether entry of summary judgment for AAB was proper. Summary judgment should be entered only if the pleadings, depositions, admissions, and affidavits on file show that no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law. (*Beals v. Huffman* (1986), 146 Ill. App. 3d 30, 36, 496 N.E.2d 281, 286.) The court must strictly construe the evidence against the moving party and liberally in favor of the nonmoving party. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871.) Since the party opposing the motion has the right to a trial on material issues of fact, the motion should be granted only when the right to summary judgment is clear and free from doubt. (*Beverly Bank v. Alsip Bank* (1982), 106 Ill. App. 3d 1012, 1016, 436 N.E.2d 598, 603.) With these general rules in mind, we consider the merits of plaintiffs' arguments.

It is plaintiffs' position that the court erroneously granted summary judgment for AAB because there was a genuine issue of material fact concerning whether they intended to waive their rights under the mortgage foreclosure laws and grant AAB the power to sell their residence through a UCC foreclosure sale when they executed both a first mortgage and collateral assignment of their beneficial interest in the land trust. Plaintiffs contend that they created an equitable mortgage with a right of redemption, not a security interest in personal property, when they assigned their beneficial interest and executed a mortgage.

■ The controlling case on this issue is *Commercial National Bank v. Hazel Manor Condominiums, Inc.* (1985), 139 Ill. App. 3d 644, 487 N.E.2d 1145. *Commercial National* held that a collateral assign-

ment of a beneficial interest in a land trust created a security interest in personal property subject to a UCC foreclosure sale. Plaintiffs argue that *Commercial National* is distinguishable because, in contrast to the instant case, the collateral assignment of the beneficial interest clearly showed an intention to grant the bank a security interest in personal property. This argument is without merit. The trust agreement, in the instant case, described the beneficial interest which was assigned to AAB as personal property. The agreement specifically provides as follows:

> "It is understood and agreed between the parties hereto, and by any person or persons, who may become entitled to any interest under this Trust, that the interest of any beneficiary hereunder shall consist solely of a power of direction to deal with the title to said real estate and to manage and control said real estate as hereinafter provided and the right to receive the proceeds from rentals and from mortgage sales or other disposition of said real estate and that *such rights in the avails of said real estate shall be deemed personal property and may be assigned and transferred as such* \*\*\*." (Emphasis added.)

This provision unequivocally shows that when plaintiffs assigned their beneficial interest as collateral, they intended to create a security interest in personal property and not an equitable mortgage with redemption rights. Accordingly, plaintiffs' beneficial interest was subject to a UCC foreclosure sale.

■■ This conclusion is not altered in any way by the fact that the plaintiffs executed a mortgage along with the collateral assignment of their beneficial interest. The coexistence of a real estate mortgage and collateral assignment of a beneficial interest to the same lender does not demonstrate that a judicial foreclosure proceeding is required. (See *Commercial National Bank v. Hazel Manor Condominiums, Inc.* (1985), 139 Ill. App. 3d 644, 648-49, 487 N.E.2d 1145, 1148.) The controlling consideration is whether the parties intended to create a security interest in personal property or an equitable mortgage. (*Melrose Park National Bank v. Melrose Park National Bank* (1984), 123 Ill. App. 3d 282, 288, 462 N.E.2d 741, 745-46.) As we have already concluded, the trust agreement conclusively shows that the parties intended to create a security interest in personal property. Thus, the trial court correctly granted summary judgment for AAB because as a matter of law it is clear that plaintiffs' beneficial interest was foreclosable under the UCC.

## II

Plaintiffs next contend that the trial court erred when it held that, as a matter of law, CBT, plaintiffs' land trustee, did not breach fiduciary duties it owed to them. As a threshold question, we must determine whether CBT, as a land trustee, owes fiduciary duties to its beneficiaries. Plaintiffs argue that under the holding of *Home Federal Savings & Loan Association v. Zarkin* (1982), 89 Ill. 2d 232, 239, 432 N.E.2d 841, 845-46, a land trustee owes its beneficiaries the same fiduciary duties as any other trustee. In *Zarkin*, the supreme court stated:

"The fiduciary obligations of loyalty [of a land trustee] flow not from the trust instrument but from the relationship of trustee and beneficiary. The essence of this relationship is that the former is charged with equitable duties toward the latter. The law imposes the duty, whether the trust instrument mentions it or not. [Citations.]

The trustee's duty to serve the interests of the beneficiary with complete loyalty, excluding all self-interest, prohibits him from dealing with the trust property for his individual benefit. ***." (89 Ill. 2d at 239, 432 N.E.2d at 845-46.)

Following these general rules, *Zarkin* held that when a land trustee lends money to its beneficiary, it has the burden of showing that the transaction was fair and it has not breached its fiduciary duty of loyalty.

■ The Illinois legislature, however, reversed the holding of *Zarkin* when it adopted sections 1 through 4 of "An Act in relation to land trusts ***" (Ill. Rev. Stat. 1985, ch. 148, pars. 81 through 84), which allow a land trustee to extend credit to its beneficiary. The statute provides that such a loan "shall not be a breach of, and shall not be deemed evidence of a breach of, any fiduciary duty." (Ill. Rev. Stat. 1985, ch. 148, par. 83.) While it is true that these sections do overrule the narrow holding of *Zarkin*, the legislature did not abolish all fiduciary duties for land trustees. Thus, as a threshold matter, we conclude that under the general rules enunciated in *Zarkin*, a land trustee owes fiduciary duties to its beneficiary.

■ Turning then to the merits of plaintiffs' argument, they claim that CBT breached its fiduciary duty of loyalty when it gave notice to them of the UCC sale and conducted the sale, even though it was not the secured party. The basis for this claim is that the notice of the UCC sale mistakenly ended with the inscription "Colonial National Bank & Trust Company, Secured Party" and was signed by "Nathan H. Lichtenstein, Its Attorney." Nathan H. Lichtenstein, according to his sworn affidavit, is the attorney for AAB, not CBT. The face of the

notice indicates that AAB is the secured party that is seeking the sale and it would conduct the sale. Thus, CBT did not breach a fiduciary duty of loyalty because it did not conduct the sale, nor did its attorney, despite the apparent typographical errors to the contrary.

Plaintiffs next claim that CBT breached a fiduciary duty when it did not seek to block the foreclosure sale at a price below the fair market value. This claim is meritless for several reasons. First, plaintiffs do not cite, nor have we found, any authority which suggests that a land trustee, who is not the secured party, has a duty to ascertain the fair market value of the trust *res* and block a sale where it has not been realized. Second, plaintiffs' claim that the sale price was below market value depends on an unsworn appraisal of the trust *res*. Since the appraisal does not meet the requirements of Rule 191 (107 Ill. 2d R. 191), it lacks the necessary evidentiary basis to be considered on a motion for summary judgment. Third, it is well established that the price at a UCC foreclosure is not required to realize full value in order to be valid because of the nature of a forced sale. (*Horney v. Hayes* (1957), 11 Ill. 2d 178, 185, 142 N.E.2d 94, 97.) Even if we assume plaintiffs' appraisal was correct, it does not show that the price was commercially unreasonable.

Finally, plaintiffs claim that CBT violated its fiduciary duties when it served as trustee for AAB under the first mortgage trust deed. CBT executed this trust deed at the direction of the plaintiffs. We fail to see how this action can constitute a violation of CBT's fiduciary duties. Thus, the trial court correctly held that as a matter of law CBT did not violate any fiduciary duties.

### III

At this juncture we consider count II of AAB's counterclaim in which it seeks to recover $25,000 on another note. Plaintiffs secured this note with a pledge of 23,000 shares of Pro Football Weekly, a closely held corporation. Moreover, they again assigned their beneficial interest in the land trust to secure the note. To further induce AAB to make the loan, James S. Gordon (Gordon), an associate of Edward Slovick, offered to buy the pledged stock in the event of a default for $25,000 plus interest.

Two months later, plaintiffs borrowed an additional $7,822.17, again pledging the 23,000 shares, and assigned their beneficial interest as collateral. Subsequently, Gordon wrote to AAB advising it that he was still willing to buy the shares to discharge the $25,000 loan that was in default. AAB informed Gordon that it could not sell the shares unless he would also discharge the plaintiffs' obligations under the

$7,822.17 loan because the shares were collateral for that loan as well. The deal between Gordon and AAB was never completed. In July 1985, Pro Football Weekly went bankrupt and the shares became worthless.

■ The trial court reviewed these facts and held that AAB's refusal of Gordon's offer constituted a failure to mitigate damages, barring recovery against plaintiffs. It is well-settled law that an injured party is not burdened with a duty to mitigate unless he could have foreseen the damages which might result from his failure to do so. The court in *Grill v. Adams* (1984), 123 Ill. App. 3d 913, 921, 463 N.E.2d 896, 901, described the theory of mitigation of damages as follows:

> "Under the theory of mitigation of damages, an injured party is not allowed to recover from a wrongdoer those damages which the party should have foreseen and 'could have avoided without undue risk, burden or humiliation.' (Restatement (Second) of Contracts sec. 350(1) (1981); See also J. Calamari & J. Perillo, Contracts sec. 14—15, at 538 (2d ed. 1977)." 123 Ill. App. 3d at 921, 463 N.E.2d at 901.

■ Applying this rule to the instant case, it is clear the trial court erred when it held that AAB failed to mitigate damages. The bankruptcy of Pro Football Weekly was completely unforeseeable. Indeed, several weeks before the shares became worthless, Edward Slovick represented to AAB that he had a buyer for the shares. He further represented that the sale would enable him to discharge all of his debts. Since the bankruptcy of Pro Football Weekly was unforeseeable, the extent of AAB's damages was also unforeseeable, and accordingly, AAB's refusal to sell the shares to Gordon did not constitute a failure to mitigate damages. Thus, the trial court should have entered summary judgment in favor of AAB on count II of its counterclaim.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed in part, and reversed and remanded in part to enter judgment consistent with this opinion.

Affirmed in part; reversed and remanded in part.

O'CONNOR and MANNING, JJ., concur.