FREDERICK I. VOLINI, Plaintiff-Appellant, v. MARY DUBAS, Defendant (The State Bank of Woodstock, Defendant-Appellee).

Second District   No. 2—88—1110

Opinion filed November 22, 1989.

Albert Koretzky and Richard W. Laubenstein, both of DiMonte & Lizak, of Park Ridge, for appellant.

William I. Caldwell, Jr., of Caldwell, Berner & Caldwell, of Woodstock, for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Frederick I. Volini, appeals from an order of the circuit court which dismissed count V of his third amended complaint against defendant, the State Bank of Woodstock, for failure to state a cause of action. Volini contends that the court erred in finding, as a matter of law, that section 3 of "An Act in relation to land trusts and the power and authority of trustees of land trusts to deal with trust property" (Land Trust Act) (Ill. Rev. Stat. 1987, ch. 148, par. 83) eliminated any fiduciary duty of a land trustee to its beneficiaries, and that count V thus failed to state a cause of action. Volini also contends that the trial court erred in denying his motion to strike defendant's untimely response to a request for admissions made pursuant to Supreme Court Rule 216(c) (107 Ill. 2d R. 216(c)). We reverse and remand.

In the first four counts of his amended complaint, Volini seeks relief from defendant, Mary Dubas, and we are only concerned in this appeal with the alleged breach of its fiduciary duty to plaintiff by defendant, State Bank of Woodstock, for which relief is sought in count V of the complaint.

In count V of his complaint Volini alleged that he entered into an agreement in 1977 with the defendant bank which created land trust No. 2450. The terms of the trust agreement provided, *inter alia*, that the corpus of the trust was to consist of two parcels of real estate known as 307 and 325 West Jackson Street in Woodstock, Illinois, and that the trustee would deal with the property, its proceeds, or its title only upon the written authorization of Volini, who was beneficiary of the trust. In June 1979, the trustee entered into an installment agreement for deed with Mary Dubas for the sale and purchase of the property at 325 West Jackson Street. In September 1979, Volini assigned his beneficial interest in trust No. 2450 to the First National Bank of Des Plaines as collateral security for a loan.

The complaint further alleged that Mary Dubas failed to make installment payments under the purchase agreement entered with the trustee and in March 1983, there was a balance due to the beneficiary, Volini, of $91,000 for principal, interest and taxes. At this time, Volini was also in default to the First National Bank of Des Plaines on his

loan, which was secured by his beneficial interest in trust No. 2450, and that both Mary Dubas and defendant State Bank of Woodstock knew that Volini's beneficial interest in the trust could be sold by the First National Bank of Des Plaines to satisfy the loan.

The complaint alleged further that the trustee bank violated its duty to plaintiff by assisting Mary Dubas in breaching her installment agreement with the trustee and acquiring plaintiff's beneficial interest in trust No. 2450 in that it approved a mortgage loan to Dubas in January 1984, for $100,000 for the purchase of the 307 and 325 West Jackson properties, to be secured by those properties, and executed a note and trust deed, as trustee, for that purpose, without the authority or consent of Volini. It was further alleged that Dubas thus purchased at the sale by First National Bank Volini's beneficial interest in the trust with funds financed by plaintiff's trustee out of the trust without requiring Mary Dubas to pay the $97,308.54 then due to the trustee for the trust real estate. Volini concludes that as a proximate cause of the trustee defendant's transactions with Mary Dubas in violation of its fiduciary obligation to him, he was deprived of the proceeds of the trustee's installment agreement with Dubas and of his beneficial interest in the trust, for which he seeks damages and other relief.

The trial court granted defendant's motion to dismiss count V of the complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615), finding that "Count V fails to state a cause of action because Ill. Rev. Stat., ch. 148, par. 3 [sic], is applicable and eliminates any fiduciary obligation of a land trustee to its beneficiaries in dealing with the subject property." The court further found there was no just reason for delaying enforcement or appeal of its judgment pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)).

Plaintiff Volini contends first that a land trustee is subject to fiduciary duties relating to the trust and that the Land Trust Act under which count V was dismissed (Ill. Rev. Stat. 1987, ch. 148, pars. 81 through 84) did not effect a change in the law of land trusts so as to permit a trustee to deal with the corpus, contrary to the terms of the trust agreement, without the consent of the beneficiary. Volini cites Home Federal Savings & Loan Association v. Zarkin (1982), 89 Ill. 2d 232, 432 N.E.2d 841, in support of his argument.

Defendant, the State Bank of Woodstock, agrees that a land trustee owes a "certain" fiduciary duty to its beneficiary, but does not describe its terms. The bank essentially relies upon section 3 of the Land Trust Act (Ill. Rev. Stat. 1987, ch. 148, par. 83), noting it per-

mits a bank to act both as land trustee and creditor of the same trust, citing *South Chicago Savings Bank v. South Chicago Savings Bank* (1988), 178 Ill. App. 3d 545, 533 N.E.2d 480, and *Sanelli v. Glenview State Bank* (1985), 108 Ill. 2d 1, 483 N.E.2d 226. The bank asserts that, as pleaded in count V of plaintiff's complaint, it did not purchase the trustee beneficiary's interest at the sale but only approved a loan which allowed Mary Dubas to purchase that interest. The bank urges that the fiduciary duties of a land trustee must be narrowly construed in light of the legislative mandate contained in the Land Trust Act (Ill. Rev. Stat. 1987, ch. 148, pars. 81 through 84). The bank does not address whether its fiduciary duty in this case would permit it to approve a loan of $100,000 to a third party secured by the trust corpus without the written consent of the trust beneficiary required by the trust agreement.

■ In a typical land trust, as in this case, the beneficiary retains control over the management, use and disposition of the corpus of the trust and the trustee may act only upon the direction of the beneficiary (see Haswell & Levine, *The Illinois Land Trust: A Fictional Best Seller*, 33 De Paul L. Rev. 277 (1984)). In *Home Federal Savings & Loan Association v. Zarkin* (1982), 89 Ill. 2d 232, 243, 432 N.E.2d 841, our supreme court determined that a land trustee was subject to the same fiduciary duties as are all trustees and, in that case, found that the purchase of trust property by the trustee for its own account at a sheriff's sale breached its duty of loyalty to the beneficiary.

■ Shortly after the *Zarkin* decision, the legislature enacted "An Act in relation to land trusts ***" (Ill. Rev. Stat. 1987, ch. 148, pars. 81 through 84), which provides, in relevant part:

> "The fact that a trustee of a land trust is or becomes a secured or unsecured creditor of the land trust, the beneficiaries of the land trust, or a third party whose debt to such creditor is guaranteed by a beneficiary of the land trust, shall not be a breach of, and shall not be deemed evidence of a breach of, any fiduciary duty owed by said trustee to the beneficiaries." (Ill. Rev. Stat. 1987, ch. 148, par. 83.)

It is apparent that the above-noted section of the Land Trust Act overturned, in part, the basis upon which *Zarkin* was decided by providing that it is not a breach of a fiduciary duty for a trustee of a land trust to become a creditor of the trust, its beneficiaries or a third party whose debt to such creditor is guaranteed by a beneficiary of the trust.

The Land Trust Act was subsequently considered by our supreme court in *Sanelli v. Glenview State Bank* (1985), 108 Ill. 2d 1, 483

N.E.2d 226, where the court determined that the Land Trust Act was to be retroactively applied and that, under it, no cause of action arose to the beneficiary where a land trustee purchased the trust property at a sheriff's sale after default by the beneficiary of a loan from the trustee. The *Sanelli* court did not have occasion to address whether the Land Trust Act removed all fiduciary duties of a trustee to its beneficiary, but held that the Act met constitutional standards.

In *Slovick v. All American Bank* (1987), 163 Ill. App. 3d 741, 516 N.E.2d 947, the Appellate Court for the First District considered *Zarkin* and the Land Trust Act and concluded that under the general rules noted in *Zarkin*, a land trustee owes fiduciary duties to its beneficiary which were not abolished by the Act. (*Slovick*, 163 Ill. App. 3d at 745.) Subsequently, in *South Chicago Savings Bank v. South Chicago Savings Bank* (1988), 178 Ill. App. 3d 545, 533 N.E.2d 480, another panel of the Appellate Court for the First District cautioned that *Slovick* must be narrowly construed in light of the mandate of the legislature and the recent consideration of the Land Trust Act in *Sanelli* and found, under the facts alleged in the case, that no cause of action for breach of a fiduciary duty by the trustee was stated. *South Chicago Savings Bank*, 178 Ill. App. 3d at 554.

We find no basis to conclude, as a matter of law, that all fiduciary duties of a land trustee to its beneficiary have been eliminated. In *Zarkin*, the court noted the general rule:

> "The fiduciary obligation of loyalty [of a land trustee] flows not from the trust instrument but from the relationship of trustee and beneficiary. The essence of this relationship is that the former is charged with equitable duties toward the latter. The law imposes the duty, whether the trust instrument mentions it or not. [Citations.]
>
> The trustee's duty to serve the interests of the beneficiary with complete loyalty, excluding all self-interest, prohibits him from dealing with the trust property for his individual benefit."

(*Zarkin*, 89 Ill. 2d at 239, 432 N.E.2d at 845-46.)

In its discussion of *Zarkin* when considering the Land Trust Act in *Sanelli* (108 Ill. 2d 1, 483 N.E.2d 226), the court found no occasion to set aside the fiduciary standards of a land trustee noted in its earlier case, except insofar as they related to the limited circumstances in which the legislature had determined a trustee could act without breaching its fiduciary duty in section 3 of the Land Trust Act.

In the present case, plaintiff's complaint essentially alleged that the defendant trustee entered into an agreement with a third party, Mary Dubas, to loan her $100,000 secured by the corpus of the

trust, to purchase trust properties, and did so without the authority or consent of the plaintiff-beneficiary of the trust. Nothing stated in the Land Trust Act, or the cases noted herein which have considered that Act, suggests that defendant's conduct was so clearly within the scope of its fiduciary duty to plaintiff as to require dismissal of count V of the complaint as a matter of law.

■ We have considered this matter pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) under which all well-pleaded facts must be considered as true, and any reasonable inferences drawn from the allegations must be construed liberally in favor of the complainant. The motion to dismiss merely tests the legal sufficiency of the allegations of the complaint and does not reach the merits of the claim. *Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.* (1986), 114 Ill. 2d 278, 286, 499 N.E.2d 1319.

We do not here intend to suggest any view as to the merits of plaintiff's claim and find only that count V of his amended complaint should not have been dismissed as a matter of law under section 3 of the Land Trust Act (Ill. Rev. Stat. 1987, ch. 148, par. 83).

■ Plaintiff Volini also contends that the defendant bank's untimely response to plaintiff's request for admissions pursuant to Supreme Court Rule 216(c) (107 Ill. 2d R. 216(c)) should have required that the requested facts stand as admitted and that the court erred in permitting defendant to file an amended response. We have considered the arguments of the parties as to the issue and find, under the circumstances of this case, that the trial court did not abuse its discretion in the matter.

Accordingly, the judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

DUNN and INGLIS, JJ., concur.